UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of Application of PANDORA MEDIA, LLC,<br><br>Applicant,<br><br>-For an Order-<br><br>To Compel WORD COLLECTIONS, INC. to Produce Documents,<br><br>Respondent. | Misc. Civil Action No. 1:23-mc-00315<br><br>(Related to Civil Action No. 2:22-cv-00809-MCS-MAR C.D. Cal.) |

**PANDORA MEDIA, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL WORD COLLECTIONS, INC. TO COMPLY WITH PANDORA'S THIRD-PARTY SUBPOENA**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 3

    A.    Pandora followed the proper procedure to bring this Motion, and did so only after exhausting the tools available to it. ....................................................... 3

    B.    Pandora's Motion is not "premature." ................................................................. 5

    C.    Word Collections improperly withholds documents based on its own disagreement with the strength of Pandora's affirmative defenses. ...................... 7

CONCLUSION ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anvik Corp. v. Samsung Elecs.*,
   2009 WL 10695623 (S.D.N.Y. Sept. 16, 2009) ........................................................................3

*Arista Recs. LLS v. Lime Grp. LLC*,
   2010 WL 11586794 (S.D.N.Y. Oct. 15, 2010) .......................................................................10

*Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
   1993 WL 437767 (S.D.N.Y. Oct. 26, 1993) ............................................................................9

*Brown v. Hendler*,
   2011 WL 321139 (S.D.N.Y. Jan. 31, 2011) .............................................................................6

*Delta Air Lines, Inc. v. Lightstone Group*,
   2021 WL 2117247 (S.D.N.Y. May 24, 2021) ................................................................. passim

*Fleisher v. Phoenix Life Ins. Co.*,
   2012 WL 6732905 (S.D.N.Y. Dec. 27, 2012) ..........................................................................5

*Granite State Ins. Co. v. Clearwater Ins. Co.*,
   2012 WL 1520851 (S.D.N.Y. Apr. 30, 2012) ..........................................................................9

*Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   2019 WL 13198793 (S.D.N.Y. Dec. 26, 2019) .......................................................................5

*King v. Habib Bank Ltd.*,
   2023 WL 3558773 (S.D.N.Y. Apr. 21, 2023) ..........................................................................3

*M. Witmark & Sons v. Jensen*
   80 F. Supp. 843 (D. Minn., 1948) .........................................................................................7, 8

*Madigan v. Bronstein*,
   2018 WL 1768283 (S.D.N.Y. Apr. 12, 2018) ..........................................................................4

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*,
   325 F.R.D. 36 (E.D.N.Y. 2018) ...............................................................................................2

*Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*,
   2017 WL 4129644 (S.D.N.Y. Sept. 18, 2017) .........................................................................4

*Ragusa v. United Parcel Service*,
   2008 WL 4200288 (S.D.N.Y. Sep. 12, 2008) ..........................................................................6

*Robinson v. De Niro*,
  600 F. Supp. 3d 286 (S.D.N.Y. 2022)........................................................................................5

*V5 Techs. v. Switch, Ltd.*,
  332 F.R.D. 356 (D. Nev. 2019)..................................................................................................7

*White v. UMG Recordings, Inc.*,
  2023 WL 5806194 (S.D.N.Y. Aug. 14, 2023)...........................................................................5

*Wixen Music Publ'g, Inc. v. Triller, Inc.*
  2022 WL 3636000 (C.D. Cal. Aug. 1, 2022).............................................................................9

**Other Authorities**

Fed. R. Civ. P. 7.1.............................................................................................................................4

Fed. R. Civ. P. 26.............................................................................................................................3

Fed. R. Civ. P. 26(b)(1)....................................................................................................................9

Fed. R. Civ. P. 37.............................................................................................................................4

Fed. R. Civ. P. 37.2..........................................................................................................................3

Fed. R. Civ. P. 45...................................................................................................................1, 2, 4, 7

INTRODUCTION

Applicant Pandora Media, LLC ("Pandora") respectfully submits this Reply Memorandum of Law in support of its motion to compel (the "Motion") Word Collections, Inc.'s ("Word Collections'") compliance with its April 29, 2023 Rule 45 subpoena (the "Subpoena").

Word Collections' Opposition agrees with many of the salient points Pandora argued in its Motion, notably: (1) Word Collections' "business includes the licensing and collection of royalties for the use of spoken word literary works" (Opp. 11); (2) it is the "licensing administrator for seven of the nine Plaintiffs" (*id.* 1); and (3) it independently approached entities on behalf of its comedian clients (*id.*). Nor does Word Collections dispute that it was formed in 2020 for the purpose of licensing the works of its affiliated comedians on a collective basis, or that it instigated and is funding this litigation.

**So it is obviously false for Word Collections to claim (as predicted) that it is no more than an "unrelated third part[y]."** *Id.* 4. Word Collections is the purported exclusive licensor for the rights at issue in the Consolidated Litigation for the majority of the Plaintiffs, is the vehicle through which at least seven of the nine Plaintiffs are engaging in copyright misuse, and has instigated, is funding, and is deeply involved in the Consolidated Litigation.[1] As this Court has previously observed, the actions and documents of a party's business partner are highly relevant when an important component of the litigation implicates the partners' jointly undertaken efforts. *Delta Air Lines, Inc. v. Lightstone Group*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) (Wang, Mag. J.) ("Because [third-party] was [defendant's] partner . . . [third-party] is likely to have discoverable information.").

**Word Collections' assertion that the subject of Pandora's Motion has been heard**

---

[1] Documents secured from a third party make clear that Word Collections is behind the Consolidated Litigation. Aviki Decl. Exs. A-D.

1

**and rejected by the Central District of California is also false**—a claim that Word Collections substantiates only with unexplained references to ECF filings in the Consolidated Litigation. Nothing on that docket supports Word Collections' claim. The Central District of California has not heard this dispute and it certainly has not resolved it in Plaintiffs' favor. To the contrary, the Court overseeing the Consolidated Litigation has made clear that Pandora is entitled to discovery from Word Collections relating to Pandora's misuse defense. ECF No. 83 at 27 ("The Court recognizes that discovery may yield information about the nature of the agreements between the comedians and Word Collections, at the very least in the context of Pandora's copyright misuse defense."). Nor is it true that Pandora brings this motion in an "effort to re-litigate its already-dismissed antitrust claims brought against Word Collections . . . disguised as a copyright misuse affirmative defense." Opp. 1. Pandora has a copyright misuse defense that is distinct from its antitrust counterclaims. As Pandora has explained (Mot. 17-20, 24-26), while copyright misuse and antitrust claims can overlap, it is well-established that a defendant need not prove an antitrust violation to prevail on a misuse defense. Word Collections does not even attempt to discuss—much less distinguish—the many cases Pandora has cited making this point.

The remainder of the Opposition largely amounts to irrelevant arguments that go to the merits of the Consolidated Litigation. Word Collections argues about the strength of Pandora's copyright misuse defense. *See, e.g.*, Opp. 2. But "opposition to a discovery motion is not the proper forum for raising challenges to the viability of [a party's] claims, nor are such challenges proper grounds to preclude otherwise appropriate discovery." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018). The Opposition (at 3) also argues the merits of Plaintiffs' infringement claims; arguments that have no place here.

This is not summary judgment; this is a Rule 45 motion to compel. The test, therefore, is

whether the Subpoena's Requests meet "the low threshold of relevance," *Delta Air Lines, Inc.*, at *2 (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014)), and whether any countervailing burden exists. As discussed below, the relevance threshold is easily satisfied and the only burden argument Word Collections appears to raise is that the Subpoena seeks documents "more appropriately sought from parties to the litigation." Opp. 6.[2] "Unadorned assertions of undue burden, however, cannot support a limitation on discovery under Rule 26." *Anvik Corp. v. Samsung Elecs.*, 2009 WL 10695623, at *5 (S.D.N.Y. Sept. 16, 2009). Further, "[t]he mere possibility that [a party] may also produce some of the same documents (but not all) . . . is theoretical [where the party serving the subpoena] has received limited to no discovery from those parties." *Delta Air Lines, Inc.*, at *2 n.1. That is precisely the situation here, where **Pandora has not received a single document to date from seven of the nine Plaintiffs, all of whom are represented by the same counsel as Word Collections**. Moreover, the short tenure of Word Collections' existence combined with the centrality of its role in the Consolidated Litigation—through which Plaintiffs seek $85 million in damages—reinforces that Pandora's Requests are both reasonable and proportionate. Word Collections should be ordered to fully comply with the Subpoena.

## ARGUMENT

There is no dispute that Word Collections is withholding documents responsive to the Subpoena. Its arguments in support of withholding those documents all fail.

### A. Pandora followed the proper procedure to bring this Motion, and did so only after exhausting the tools available to it.

---

[2] As previously stated (Mot. 22-24), Word Collections' objections are otherwise boilerplate. The Opposition concedes repetition of "similar" objections. Opp. 11 n.2. In addition to incorporating its General Objection into every specific response, its objections are facially conclusory and, thus, improper. *See King v. Habib Bank Ltd.*, 2023 WL 3558773, at *2 (S.D.N.Y. Apr. 21, 2023) (Wang, Mag. J.) ("[G]eneral and conclusory objections as to relevan[ce], overbreadth, or burden are insufficient to exclude discovery of requested information." (quotation marks and citation omitted)).

3

Word Collections incorrectly argues (Opp. 5) that Rule 37.2 forecloses Pandora's Motion because, it claims, Pandora ought to have filed a letter-motion requesting a pre-motion conference before bringing the Motion. Word Collections is wrong. Pandora's Motion arises under Rule 45, and this Circuit, including this Court specifically, routinely accepts motions that follow the precise procedure used by Pandora.[3] *See, e.g.*, *Madigan v. Bronstein*, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018) ("[t]he majority of courts in [the Second] Circuit that have analyzed whether motions to compel compliance with a non-party subpoena under Rule 45 may be brought under the auspices of Rule 37 have answered that question in the negative because Rule 37 applies to a *party's* failure to comply with a discovery order, while Rule 45 addresses a *non-party's* failure to comply with a discovery subpoena") (collecting cases); *see also Delta Air Lines, Inc.*, at *3 (granting motion to compel originating with memorandum of law, not letter-motion).

Word Collections' related claim (at Opp. 7) that "Pandora has failed to attempt in good faith to resolve this discovery dispute with Word Collections before seeking judicial intervention" is also wrong. As Pandora explained (Mot. 8-9), it engaged in lengthy efforts to try to elicit compromise positions—and did so despite caselaw holding that "the Federal Rules do not impose a 'meet and confer' requirement for the enforcement of a Rule 45 subpoena." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, 2017 WL 4129644, at *2 n.2 (S.D.N.Y. Sept. 18, 2017). Moreover, as the substance of Word Collections' Opposition and the negotiating history Pandora outlined in its opening brief make clear—a history Word Collections does not challenge—any further efforts to resolve this dispute would have been futile. Word Collections manifests no intention of complying with the Subpoena. Its goal is to delay as much as

---

[3] The only rule broken is by Word Collections, which failed to file its Rule 7.1 corporate disclosure statement.

4

possible—a goal it has so far accomplished through repeated broken promises and, for the past months, by simply ignoring Pandora. "[W]here, as here, a party has tried over an extended period of time to obtain full compliance with discovery demands and has received no firm commitment, it has no obligation to continue negotiations that seemingly have no end." *Fleisher v. Phoenix Life Ins. Co.*, 2012 WL 6732905, at *2 (S.D.N.Y. Dec. 27, 2012).

Pandora must also point out that the Opposition's accusation should be read against the background of its discovery interactions with Word Collections' counsel. Over the course of this matter, Pandora's good-faith efforts to pursue resolution have been met with: (1) **mocking** (Aviki Decl. Ex. E at 1); **pique** (*id.* Ex. F at 1); and, **as here, repeated broken promises and monthslong silence**. The necessity of Pandora filing this Motion in the face of Word Collections' silence has been widely recognized by courts in similar circumstances. *See, e.g.*, *Robinson v. De Niro*, 600 F. Supp. 3d 286, 290 (S.D.N.Y. 2022) (no support for conclusion "that [movant] failed to meet and confer" where, among other things, "on three separate occasions" movant had followed up but its "requests went unanswered"); *Iowa Pub. Emps' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2019 WL 13198793, at *1 (S.D.N.Y. Dec. 26, 2019) (meet and confer obligation satisfied where movant "had given [] a deadline to respond to [its] discovery requests, which had already been the subject of repeated conversations between the parties, but [respondent] failed to respond within the requested timeframe"). Prior to filing its Motion, Pandora worked cordially and diligently in exhausting the tools at its disposal. Far from making "discovery mountains out of molehills," *White v. UMG Recordings, Inc.*, 2023 WL 5806194, at *4 (S.D.N.Y. Aug. 14, 2023) (Wang, Mag. J.), in the face of a fast-approaching close of fact discovery, Pandora is left with no option but to seek the Court's intervention.

### B.  Pandora's Motion is not "premature."

The Subpoena included a compliance date of May 19, 2023—nearly three weeks after the

date of service, and more than the standard fourteen days that courts routinely find to be presumptively reasonable. *See, e.g.*, *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). While Pandora attempted to work with Word Collections in good faith to secure the documents it is entitled to without turning to this Court, Word Collections' Opposition now makes it abundantly clear that Court intervention is essential. As stated in the Opposition, Word Collections now asserts that it is entitled to produce documents on its own schedule—which astonishingly it now indicates (at Opp. 5), for the first time, will be a document dump on February 28, 2024—the close of fact discovery. Word Collections cites no authority for why it may wait to produce responsive documents it has agreed to hand over until (as it proposes) ten months after receiving the Subpoena. Nor does it provide any reason why it could not timely produce the requested documents. And, critically, Word Collections does not even attempt to show that the response time was in any way unreasonable. Under such circumstances, Word Collections cannot be heard to object to complying with the Subpoena within a reasonable two-week time frame. *See, e.g.*, *Ragusa v. United Parcel Serv.*, 2008 WL 4200288, at **1-2 (S.D.N.Y. Sep. 12, 2008) (refusing to quash subpoena for failure to set reasonable time to comply because party did not object to time set for compliance).

      Moreover, Word Collections neglects to mention that, in addition to document production, fact and 30(b)(6) witness depositions must occur prior to February, and there is no question that both of Word Collections' co-founders will be deposed or that Word Collections holds documents that Pandora ought to be able to use to prepare for depositions. Word Collections' newly-stated deadline would severely prejudice Pandora's ability to use the discovery it is entitled to. Also, troublingly, given Word Collections' and its counsel's behavior to date, it is highly likely that whatever document production Word Collections does eventually

6

make will be incomplete, and require follow up. This only further reinforces that requiring compliance within a reasonable timeframe, and well before the close of fact discovery, is wholly appropriate here. To find otherwise would render Rule 45 toothless, and contravene the goal of discovery as a "front-loaded process," "not one involving deadline brinksmanship." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 363-64 (D. Nev. 2019) (deeming motion to compel subpoenaed documents filed "roughly five months before the current discovery cutoff" timely).

### C. Word Collections improperly withholds documents based on its own disagreement with the strength of Pandora's affirmative defenses.

Word Collections claims that Pandora's copyright misuse defense cannot possibly implicate Word Collections' licensing and other business practices.[4] According to Word Collections, copyright misuse "relates only to *Plaintiffs'* actions." Opp. at 7 (emphasis in original). Not surprisingly, Word Collections offers no citation in support of this baseless claim.

As an initial matter, it is illogical to suggest that the entity that purports to be the exclusive licensor of many of the works that Plaintiffs claim Pandora has infringed does not fall within the ambit of Pandora's misuse defense, particularly when that defense is predicated on the collective licensing practices that Word Collections and its affiliated comedians are engaging in.[5] And in fact, the law could not be more clear on this point. *M. Witmark & Sons v. Jensen* is on all fours. There, plaintiff composers brought infringement claims against certain movie theaters

---

[4] Word Collections' suggestion (at 2) that Pandora is seeking its music licensing documents is wrong. The Subpoena requests are clear on their face that they only concern spoken-word comedy—wherever a request could conceivably encompass the music side of Word Collections' business, Pandora spelled out in the request itself that Pandora is not seeking documents relating solely to music. Motion Ex. B at Request Nos. 15, 17.

[5] Notably, Word Collections does not challenge Pandora's description of its and its affiliated comedians' licensing scheme. To the extent that the Opposition argues that Pandora is not entitled to discovery about licensing works other than the ones specifically asserted against Pandora in the Consolidated Litigation, that argument fails because Word Collections indisputably licenses spoken-word comedy on a catalog-wide basis, meaning that (i) the asserted works would necessarily be implicated by all of Word Collections' spoken-word licensing strategy and implementation documents; and (ii) those licensing practices—which form the basis of Pandora's misuse defense—include the licensing of all of the comedy routines in Word Collections' catalog, and not just the asserted works.

7

alleging that those theaters failed to obtain the public performance licenses necessary to exhibit motion pictures containing their copyrighted musical works. 80 F. Supp. 843, 844 (D. Minn., 1948). Each of those composers were members of ASCAP—one of the collective licensing entities that Word Collections claims to have based its business model on. Aviki Decl. Ex. G. In response, defendants raised a copyright misuse defense. The particular form of copyright misuse raised in *Witmark* is precisely the sort of misuse Pandora is alleging here: that by collectively licensing their works alongside those of other copyright holders, through a licensing intermediary, Plaintiffs have secured for themselves "an economic advantage and economic control beyond that granted to each of them by the copyright laws." *Witmark*, 80 F. Supp. at 846. As the *Witmark* court observed, "[b]y placing the control of performance rights for motion pictures in a Society maintained by them, [plaintiffs] have obtained a potential economic advantage which far exceeds that enjoyed by one copyright owner." *Id.* at 847. In other words, instead "of having a single monopoly of a particular piece of copyrighted music and the benefits which that might afford, every copyright owner of music in Ascap obtains the added economic power and benefit which the combined Ascap control gives to them and their associates." *Id.* at 848. That expansion of economic power, the court concluded, amounts to copyright misuse. *Id.* at 850.

Where the same form of licensing that Plaintiffs engaged in here—collective licensing through intermediary Word Collections—has already been found to amount to copyright misuse in analogous circumstances, it is implausible to argue that the intermediary facilitating that collective licensing does not have relevant documents.[6] To the contrary, Word Collections'

---

[6] As the facilitator of the collective licensing scheme that brings rise to Pandora's misuse defense, it is absurd to claim, as Word Collections does (at 9-10), that its business plans are irrelevant. As Pandora has already explained, Word Collections' business and licensing plans are central to Pandora's misuse defense. Mot. 17-20, 24-27.

8

documents regarding its business plans, licensing strategies, collective might, and the like are all central to Pandora's misuse claims. In any event, Word Collections' contested claims about the merits of Pandora's misuse defense are irrelevant to this Motion. As district courts regularly hold, the "[withholding party's] contention that these documents are irrelevant based on its contested construction of the scope of this defense is not a sufficient basis to deny discovery. . . . even if [that] construction . . . could ultimately prevail on summary judgment or at trial, discovery of documents relevant to that defense would not be precluded in light of the broad scope of discovery under Rule 26(b)(1) . . . because 'a discovery motion is not the proper forum for deciding the merits of [a defense].'" *Granite State Ins. Co. v. Clearwater Ins. Co.*, 2012 WL 1520851, at *3 (S.D.N.Y. Apr. 30, 2012) (citation omitted); *see also Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 1993 WL 437767, at *3 (S.D.N.Y. Oct. 26, 1993) ("a discovery motion is not the proper forum for deciding the merits of [movant's] counterclaim"). Indeed, a case cited by Word Collections (at 9) makes precisely this point. In *Wixen Music Publ'g, Inc. v. Triller, Inc.*, the court refused to "sustain Plaintiff's objection that Defendant's copyright misuses defense lacks legal support," explaining that (as here) the copyright misuse defense "was pled in Defendant's answer, and it remains in the case" meaning that "Defendant is entitled to seek proportional discovery that is relevant to the misuse defense, including discovery regarding Plaintiff's strategies, policies and practices as to licenses and settlements in the pertinent areas of use." 2022 WL 3636000, at *2 (C.D. Cal. Aug. 1, 2022).

As partner to the Plaintiffs in what Pandora contends is a campaign of misuse, Word Collections "communicated externally and, likely, internally" regarding its efforts to aggregate the rights of prior competing comedians in order to obtain undue royalties from streaming services like Pandora—Word Collections thus unquestionably holds discoverable information,

9

some significant measure of which Plaintiffs do not necessarily also hold. *Delta Air Lines, Inc.*, at *2 & n.1; *see also* Aviki Ex. H (pre-litigation email communication between Word Collections and Pandora, with no Plaintiffs on copy, demanding Pandora either take Word Collections' license or face copyright infringement litigation). Pandora has already obtained communications between Word Collections and a non-party wherein Word Collections candidly describes the scheme it is undertaking with its affiliate comedians' endorsement and understanding: asserting that the list of comedians it represents gives it "collective weight and [a] 'stick' [that] is much larger." Aviki Decl. Ex. A at 8-9. More such documents surely exists, and there is no more convenient, less burdensome source for many of them than Word Collections.

Finally, even putting Pandora's copyright misuse defense to one side, Word Collections is still the self-proclaimed exclusive licensor of the works that seven of nine Plaintiffs claim Pandora failed to license. Licensing-related documents—including licensing revenue, which the Opposition concedes (at 11) can be relevant to damages here—concerning the asserted works in a copyright infringement action are foundational documents and do not somehow become "irrelevant" by virtue of residing with someone other than the copyright holder. The Opposition cites no authority to the contrary, which is unsurprising given the caselaw that makes clear that licensing and communications about licensing are clearly relevant to damages in copyright infringement suits. *See, e.g.*, *Arista Recs. LLS v. Lime Grp. LLC*, 2010 WL 11586794, at *3 (S.D.N.Y. Oct. 15, 2010) (denying motion to quash non-party subpoenas and ordering "full production of evidence related to damages, even if burdensome," including communications with third-party licensees, given the "*substantial*" amount of damages sought).

## CONCLUSION

Word Collections should be compelled to search for and produce non-privileged documents responsive to the Requests in the Subpoena within two weeks.

Dated:  September 11, 2023

MAYER BROWN LLP
PAUL M. FAKLER
JACOB B. EBIN
ALLISON AVIKI
WILLIAM PATRY



By: */s/ Paul M. Fakler*
     Paul M. Fakler


Attorneys for Applicant
PANDORA MEDIA, LLC