# KING & BALLOW
# LAW OFFICES

2121 AVENUE OF THE STARS
SUITE 800
LOS ANGELES, CALIFORNIA 90067

TELEPHONE: 424/253-1255
FACSIMILE: 888/688-0482
www.kingballow.com
rbusch@kingballow.com

September 29, 2023

<u>*Via ECF*</u>

The Honorable Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: ***Pandora Media, LLC v. Word Collections, Inc.*** **- Case No. 1:23-mc-00315-ALC-OTW (Related to Civil Action No. 2:22-cv-00809-MCS-MAR C.D. Cal.)**

Dear Honorable Ona T. Wang,

     I am writing on behalf of Non-Party Word Collections, Inc., ("Word Collections") to request, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that the Court transfer Pandora, Inc. ("Pandora")'s Motion to Compel Responses to Subpoena to the Central District of California, the court in which the underlying litigation is pending, and which issued the Subpoena in question.

     Under Fed R. Civ. P. 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Word Collections, as the non-party subject to the subpoena, consents to – and in fact affirmatively requests that– this Court transfer Pandora's Motion to Compel to the court that issued the Subpoena, the Central District of California. Rule 45(f) is intended to protect the non-party that is the subject of a Rule 45 subpoena, as the "primary objective lies in 'avoiding burdens on local nonparties subject to subpoenas,' not the issuing party." *SBA Communs. Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 U.S. Dist. LEXIS 172370, *5 (S.D.N.Y. Oct. 3, 2019) (citing Fed. R. Civ. P. 45 Committee Notes on Rules – 2013 Amendment) (granting transfer requested by the nonparty subject to the subpoena). Indeed, per the plain language of Rule 45(f), exceptional circumstances are not necessary to warrant transfer when the entity subject to the subpoena consents to the transfer. *Winston & Strawn LLP v. Janssen Prods, L.P.,* No. 22-MC-0114 (ALC) (OTW), 2022 U.S. Dist. LEXIS 147547, *3 (S.D.N.Y. Aug. 12, 2022) (Wang, J.) (noting the "disjunctive nature of the first sentence of Rule 45(f)," and granting transfer where "the local nonparty has specifically requested a transfer."). Here, the local nonparty's consent to, and indeed specific request for, the transfer make it appropriate under Rule 45(f).

     Further, the judge presiding over the underlying copyright infringement litigation, *In re Pandora*

LOS ANGELES OFFICE:

2121 AVENUE OF THE STARS · SUITE 800 · LOS ANGELES · CALIFORNIA 90067 · TELEPHONE: 424/253-1255 · FACSIMILE: 888/688-0482

*Media, LLC Copyright Litigation* (the "Copyright Case") has familiarity with the case that will enable her to more efficiently and effectively address Pandora's Motion to Compel. The underlying Copyright Case - which is a consolidated action involving nine separate Plaintiffs - has been pending before Judge Scarsi, and its discovery disputes adjudicated by Magistrate Judge Rocconi, since February 2022. Word Collections' involvement with this action has been complex; Pandora initially pulled Word Collections into the case as a counterdefendant to counterclaims brought under the Sherman Act, all of which have now been dismissed. While Word Collections remained a counterdefendant, Word Collections and Pandora engaged in extensive discovery negotiations that culminated in Pandora's bringing a motion to compel, which was mooted prior to decision by the dismissal of its counterclaims.

  Word Collections' objections to the Subpoena and opposition to Pandora's Motion to Compel are related to Pandora's now-dismissed counterclaims and the previous discovery dispute, as Word Collections argues that the information now sought by Pandora relates to Pandora's dismissed counterclaims rather than any claims or defenses currently at issue in the underlying Copyright Case; and that this information is irrelevant to the surviving claims and defenses, as well as disproportionate to the needs of the case, and directly damaging to Word Collections' business through its overbroad requests for irrelevant information regarding Word Collections' investors and finances. Further, Word Collections argues that Magistrate Judge Rocconi's previous discovery ruling regarding discovery Pandora sought from Plaintiffs regarding Word Collections' role in this litigation bear on the instant motion to compel. Finally, Word Collections argues that the information sought can be obtained from other sources, namely, the Plaintiffs in the underlying Copyright Case. As Judge Rocconi has extensive knowledge of the scope of the underlying Copyright Case, including the related but already-dismissed counterclaims, the previous discovery disputes and the Court's ruling on those disputes, and the parties in the case, she is best positioned to comprehensively address the arguments raised by Word Collections in response to Pandora's Motion to Compel.

  For the foregoing reasons, Word Collections, as the local non-party party subject to this Subpoena, respectfully requests that this Court transfer Pandora's Motion to Compel to the Central District of California, Western Division.

                Respectfully Submitted,

                /s/ *Richard S. Busch*
                Attorney for Respondent