

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Paul M. Fakler**
Partner
T: +1 212 506 2441
PFakler@mayerbrown.com

October 2, 2023

<u>VIA ECF</u>

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Pandora Media, LLC v. Word Collections, Inc.
      Case No. 1:23-mc-00315-ALC-OTW (related to Civil Action
      No. 2:22-cv-00809-MCS-MAR C.D. Cal.): Response to Word
      Collections, Inc.'s Letter Motion to Transfer

Dear Judge Wang:

I am writing on behalf of Defendant and Movant Pandora Media, LLC ("Pandora") to request that the Court deny Word Collections, Inc.'s ("Word Collections") untimely request to transfer the pending Motion to Compel to the Central District of California.

First, while Fed. R. Civ. P. 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it ***may*** transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances" (emphasis added), the rule does not require the Court to do so. *See, e.g.*, *Lima LS PLC v. Nassau Reinsurance Group Holdings LP*, 160 F. Supp. 3d 574, 579-80 (S.D.N.Y. 2015) ("Rule 45 merely permits transfer but does not require it."). Courts "consistently assert discretion in deciding whether to transfer a motion to compel in subpoena-enforcement actions," and there is no "*per se* rule that transfer requests of non-parties subject to subpoenas must be granted in every instance, irrespective of the costs in terms of fairness or efficiency." *In re Subpoena of American Nurses Association*, 788 F. Supp. 2d. 444, 446 (D. Md. 2011) (denying a non-party's motion to transfer a non-party subpoena served upon it); *see also Entrust DataCard Corp. v. Atlantic Zeiser, GMBH*, 2019 WL 181531, *2-3 (D. Minn. Jan. 14, 2019) (finding that a non-party's "deposition should proceed without delay" when there was not "any basis in the record indicating that it would be prudent to transfer this matter to [the district court judge presiding over the court in which the litigation was filed] so that he could make the same observation"). Denying Word Collections' request for transfer is within the Court's discretion and would serve the interests of justice and prompt resolution of the underlying Motion.

Word Collections has repeatedly tried to delay production of any documents in this litigation— both as a party and a non-party—and, thus far, it has succeeded. This belated request for a transfer,

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian law partnership).

which was filed nearly three weeks after the Motion to Compel was fully briefed, is yet another example of Word Collections' gamesmanship in an attempt to delay compliance with Pandora's subpoena. Indeed, Word Collections did not even meet and confer with Pandora or otherwise give any indication it intended to seek transfer prior to filing its letter brief with the Court late Friday evening. If Word Collections were truly interested in judicial efficiency, it would not have waited to request this transfer until Pandora and, likely, this Court, had already expended resources towards resolution of this motion. The Federal Rules state that all rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Granting this belatedly-requested transfer would not align with Rule 1.

This Court is fully briefed on Word Collections' history of delay in this litigation. At every opportunity, it has strung Pandora—and the judicial system—along and refused to engage with the discovery process in good faith. *See, e.g.*, Reply at 4-7. Discovery is intended to be a "front-loaded process," "not one involving deadline brinksmanship." *See V5 Techs. V. Switch, Ltd.*, 332 F.R.D. 356, 363-64 (D. Nev. 2019). Each delay further prejudices Pandora and impairs its ability to defend its case. *See, e.g.*, *Ramiro Aviles v. S&P Global, Inc.*, 2022 WL 433473, *1 (S.D.N.Y. Feb. 3, 2022) ("Because the close of fact discovery in this action is approaching . . . any further delay in discovery would prejudice Defendants."). Word Collections is simply trying to run out the clock and avoid compliance entirely.

Further, even without Word Collections' continued delay, it is in the interest of efficiency for this Court to rule on Pandora's Motion to Compel. While it is true that the underlying case has been pending since February 2022, Magistrate Judge Rocconi has issued only one discovery ruling in that time—on August 15, 2023—and she has not issued any rulings regarding the now-dismissed counterclaims or any non-party discovery. While the Central District of California may have additional knowledge of the underlying matter, this Court is fully informed on the particular issue at hand, on which the Central District of California has not issued any rulings. *See Lima LS PLC*, 160 F. Supp. 3d at 580 (denying a renewed motion to transfer based in part on the fact that "although the court in the District of Connecticut may be more knowledgeable regarding discovery in the underlying matter, that court has not issued any rulings on this particular issue").

The only relevance of any prior Orders in this case is straightforward and has been briefed before this Court. Despite Word Collections' continued claims to the contrary, the Order dismissing Pandora's counterclaims "recognizes that discovery may yield information about the nature of the agreements between the comedians and Word Collections, at the very least in the context of Pandora's copyright misuse defense." ECF No. 83 at 27. And the Order from Magistrate Judge Rocconi referenced by Word Collections *granted* Pandora's Motion to Compel discovery regarding a Plaintiff's motivations for bringing the lawsuit—specifically noting that Plaintiff's existing discovery response "tends to show that third parties may have influenced Plaintiff's motivation to bring the instant lawsuit, and that documents relevant to this issue may exist." ECF No. 193 at 7. These Orders do not address the subject of this Motion and instead serve to confirm that Word Collections likely has relevant, discoverable information in its possession.

Word Collections refers to its involvement in the case as "complex," but the issue before the Court is a simple motion to compel non-party discovery, which has been fully briefed before this Court.

Transferring this motion to compel would not serve the interests of justice, expediency, or efficiency, and would instead only serve to reward Word Collections for its continued efforts to avoid compliance with the discovery process and to impede Pandora in its efforts to effectively defend itself.

For the foregoing reasons, Pandora respectfully requests that this Court deny Word Collections' request to transfer Pandora's Motion to Compel to the Central District of California.


Respectfully submitted,

/s/ *Paul M. Fakler*
Paul M. Fakler
Attorney for Pandora Media, LLC