# KING & BALLOW
# LAW OFFICES

2121 AVENUE OF THE STARS

SUITE 800

LOS ANGELES, CALIFORNIA 90067

TELEPHONE: 424/253-1255

FACSIMILE: 888/688-0482

www.kingballow.com

rbusch@kingballow.com

October 3, 2023

<u>*Via ECF*</u>
The Honorable Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312
Re: *Pandora Media, LLC v. Word Collections, Inc.* - **Case No. 1:23-mc-00315-ALC-OTW (Related to Civil Action No. 2:22-cv-00809-MCS-MAR C.D. Cal.)**

Dear Judge Wang,

      I am writing on behalf of Non-Party Word Collections, Inc., ("Word Collections") in response to Pandora, Inc. ("Pandora")'s response regarding Word Collections' request to transfer the pending Motion to Compel to the Central District of California. Word Collections does not understand why this is a contentious issue for Pandora: it simply asks that a decision be made by the Court whose Magistrate Judge, District Judge, and clerks have a full understanding and context of the current highly contentious litigation.

      As an initial matter, Word Collections is not now (and never was) a Plaintiff; does not own or control the copyrights that have been infringed; and has filed no lawsuit of any sort against Pandora. In attempting to paint Word Collections' behavior as a pattern of delay, Pandora conflates two entirely different phases of litigation: Word Collections' involvement as a Counter-Defendant, and its response to discovery as a non-party. As a Counter-Defendant, Word Collections appropriately objected to Pandora's overbroad and irrelevant requests and engaged in extensive discovery negotiations. Indeed, a hearing on Pandora's motion to compel had already been scheduled when Pandora's counterclaims were dismissed, mooting Pandora's motion. Word Collections' conduct throughout this process was nothing more than an appropriate and reasonable exercise of their right to seek relief from irrelevant and overbroad discovery requests. This is true to an even greater extent of Word Collections' conduct as a non-party, as it has responded to Pandora's overbroad and irrelevant discovery (that disregards Word Collections' changed role in the litigation to seek much the same information it sought from Word Collections as a party) through timely and reasonable objections. It also bears mentioning specifically that the underlying case should be a simple copyright infringement action. Pandora, however, went scorched earth and filed an antitrust counterclaim against the Comedian plaintiffs, Word Collections, and Spoken Giants (another third party). Pandora's antitrust claims were dismissed not just once by Judge Scarsi, but twice, all while Pandora's discovery requests were pending. Judge Scarsi warned Pandora in the first decision that he was skeptical whether Pandora could cure the problems with its claims by repleading, and advised Pandora only to replead if it could do so consistent with Rule 11 of the Federal Rules of Civil Procedure. ECF No. 83 at 28. Undeterred, Pandora re-pled the same claims no better the second time, and Judge Scarsi dismissed the claims again, this time with prejudice. ECF No. 164 at 28. Again undeterred, Pandora seeks much of the same irrelevant information for what appears to be a continuation of its harassment of Word Collections.

      Pandora's own assertions regarding the history and nature of the discovery Pandora now seeks also

LOS ANGELES OFFICE:

2121 AVENUE OF THE STARS · SUITE 800 · LOS ANGELES · CALIFORNIA 90067 · TELEPHONE: 424/253-1255· FACSIMILE: 888/688-0482

directly underscore the need for this matter to be determined by Magistrate Judge Rocconi. Pandora references Magistrate Judge Rocconi's discovery ruling granting Pandora's Motion to Compel discovery. (Dkt. 17 at 2). But this recounting selectively omits other key elements from the Order that provide critical context and shows that this Order *does* specifically relate to the arguments Pandora brings before this Court in its Motion to Compel. In that previous discovery dispute, Pandora sought documents from a Plaintiff related to his motivation for bringing the lawsuit, arguing that such documents are relevant because "they relate to Pandora's contention that [Spoken Giants, LLC] and [Word Collections, Inc.] instigated these lawsuits to upend historic custom and practice concerning the licensing of spoken-word comedy for the purposes of extorting supracompetitive licensing fees from streaming services like Pandora." ECF No. 193 at 7. In ruling on this argument, Magistrate Judge Rocconi specifically states that because the counterclaims against Word Collections had been dismissed, "the Court does not meaningfully consider Defendant's arguments regarding counter-Defendants' motives…." ECF No. 193 at 7, FN. 3. Moreover, regarding the Plaintiff's response to this argument – that only Plaintiffs' motivation is relevant to Defendants' copyright misuse defense – the Court found Pandora's arguments and caselaw "distinguishable and unpersuasive." ECF No. 193 at 7.[1]

Pandora now seeks, however, to resurrect in a different forum the same arguments that Magistrate Judge Rocconi has already rejected. In its Motion to Compel, Pandora argues that "Word Collections and its affiliated comedians are trying to force a change to this long-standing historic practice [Pandora's alleged "implied license" defense], and they are using the Consolidated Litigation to do so." Dkt. No. 17 at 2. They go on to argue that Plaintiffs "granted Word Collections the authority to pool their alleged rights armed with the knowledge that such aggregation, when coupled with Word Collections' blanket 'all or nothing' licensing model, would provide the mechanism through which they could collectively extract far more from streaming services like Pandora than they ever could acting alone in a competitive market," and that "Word Collections [] provoked and coordinated the Plaintiffs' sudden change in behavior." Dkt. No. 2 at 2-3; 6. These arguments, again, are nothing more than thinly disguised versions of claims against Word Collections that have already been made and dismissed,[2] ***and the Plaintiffs in those case have submitted evidence to show that there is no such alleged "long-standing historic practice."*** The irrelevance of Word Collections' actions has already been ruled upon by Magistrate Judge Rocconi, as discussed above. Pandora's assertions to the contrary, based on cherry-picked language from the Order, do not change this fact.[3] Magistrate Judge Rocconi's understanding of issues that have already been resolved bears directly upon Pandora's arguments. And while Pandora attempts to discount Magistrate Judge Rocconi's ruling as a single Order, they ignore the fact that this Order resolved three separate discovery motions – two Motions to Compel, one by each party; and a Motion for a Protective Order, the filings in which totaled 2,596 pages. ECF No. 193 at 2 FN. 1.

---

[1] While, as Pandora points out, the Court did grant Pandora's motion to compel, it did so not because Word Collections' involvement in the litigation is relevant (and indeed, as discussed above, it rejected those arguments), but only because Plaintiff, in response to an interrogatory, referenced research and communications that made him aware of Pandora's infringement and resulted in his decision to take legal action, making Pandora entitled to the research and communications referenced.

[2] Pandora denies Word Collections' assertion that its involvement in this litigation has been "complex," but repeatedly references Word Collections' previous conduct as a Counter-Defendant, and indeed rests its argument on Word Collections' alleged involvement in the litigation.

[3] Indeed, Pandora' attempts to manipulate the record have already been brought to Magistrate Judge Rocconi's attention; just today Plaintiffs' Motion for Clarification was granted to inform the parties that Pandora's interpretation of the scope of the Protective Order was incorrect. ECF No. 202 at 3.

Given the broad discovery Pandora seeks – including irrelevant confidential information about for example its investors that, if provided to Pandora, could directly damage Word Collections' business (given Pandora's litigation tactics to date, including the subpoenaing of numerous third parties, Word Collections is concerned that Pandora will use that information to subject investors and/or potential investors to subpoenas, which could have a chilling effect on Word Collections' ability to raise funds) – it is critical that this discovery motion be decided by a court fully familiar with the facts.

The above considerations are not outweighed by Pandora's unfounded assertions of "gamesmanship" or "delay."[4] Their assertions are simply untrue and are nothing more than a manufactured justification for their objection to the transfer request. Word Collections has not, and is not attempting to avoid any of its obligations. The majority of the documents have already been collected some months ago and are in the possession of counsel, who are continuing to review and prepare them for production. These efforts continue, and productions made as expeditiously as possible.

Further, transferring this motion to the Central District of California would not only not result in a delay in its resolution but Magistrate Judge Rocconi has consistently provided discovery rulings with speed and efficiency. A hearing on the parties' previous three discovery motions was set to occur on August 8, 2023; Magistrate Judge Rocconi vacated the hearing, finding the matters suitable for resolution without oral argument, and handed down her ruling less than a week later, on August 16th. ECF Nos. 191; 193. Similarly, Magistrate Judge Rocconi ruled on Plaintiffs' Motion for Clarification only a week after the parties' briefing on the matter was completed. ECF Nos. 200; 202. To the extent that the instant Motion is already fully briefed before this Court (which Word Collections contests), Magistrate Judge Rocconi will be able to rule on it with the same efficiency she has demonstrated previously. To the extent that, as Word Collections asserts, the matter is inextricably entwined with the previous discovery motions and briefing in the underlying copyright litigation, Magistrate Judge Rocconi already has the specialized knowledge and context necessary to efficiently issue a ruling in light of that complexity. Indeed, it is quite possible such ruling could occur *more* quickly before Magistrate Judge Rocconi as she will not have to research and educate herself on the issues and history (and the 2,500 pages of material) in order to issue a ruling. Pandora's unfounded speculation that the requested transfer would not serve the interests of expediency or efficiency do not provide a sufficient basis for the transfer to be denied. *E4 Strategic Sols., Inc. v. Pebble,* No. SA MC 15-00022-DOC (DFMx), 2015 U.S. Dist. LEXIS 191686, *14 FN. 3 (C.D. Cal. Oct. 23, 2015) (granting transfer over Petitioners' "speculative concerns of delay" where they "made no showing that Judge Holland would unduly delay in deciding their petition to quash, and, from this Court's review of the docket in the Underlying Action, there is no indication that he would do so.").

For the foregoing reasons, Word Collections respectfully requests that this Court grant Word Collections' request to transfer Pandora's Motion to Compel to the Central District of California.

Respectfully Submitted,
/s/ *Richard S. Busch*
Attorney for Respondent

---

[4] Word Collections firmly denies Pandora's characterization of its timing of its Letter Motion, and attests that the Motion was made promptly after deliberation regarding the most appropriate forum for the resolution of this discovery dispute, and after Word Collections needed to move quickly to file its formal response to Pandora's motion to compel. Any perceived delay was not a strategic decision on the part of Word Collections.