UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PANDORA MEDIA, LLC,                     :

                  Petitioner,          :          23-MC-00315 (ALC) (OTW)

                  -against-          :          **OPINION & ORDER**

WORD COLLECTIONS, INC.,         :

                  Respondent.       :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

This matter arises from a series of contentious copyright infringement cases brought against Pandora Media, LLC ("Pandora") by nine Plaintiffs in the United States District Court for the Central District of California, all of which have been consolidated for at least pre-trial purposes and styled, *In re Pandora Media, LLC Copyright Litigation*, Master File No. 2:22-CV-00809 (MCS) (MAR) (the "Consolidated California Litigation"). In that action, Pandora served non-party Word Collections, Inc. ("Word Collections"), a former counterclaim-defendant in the Consolidated California Litigation, with a subpoena *duces tecum* on April 29, 2023. (ECF 1). Pandora initiated this miscellaneous case on August 31, 2023, moving to compel non-party Word Collections to comply with its subpoena "by producing responsive documents to be used in" the Consolidated California Litigation. (ECF Nos. 1-3). Word Collections now seeks to transfer the case pursuant to Fed. R. Civ. P. 45(f) to the Central District of California, where the underlying litigation is pending. (ECF 16 at 1; *see also* ECF 18). For the following reasons, Word Collections' motion to transfer this case is **GRANTED**.

Fed. R. Civ. P. 45(f) states, in its entirety:

> **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

The Advisory Committee Notes to the 2013 Amendments state, in relevant part:

> Rule 45(f) provides authority for [the Court where compliance is required] . . . to transfer the motion to the court where the action is pending. It applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination . . . To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). But transfer to the court where the action is pending is sometimes warranted. If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so.

Non-party Word Collections has specifically requested a transfer to the Central District of California, where Magistrate Judge Rocconi has been handling discovery disputes in the Consolidated California Litigation since February 2022. (ECF Nos. 16 and 18). The Court agrees that this decision should "be made by the Court whose Magistrate Judge, District Judge, and clerks have a full understanding and context of the current highly contentious litigation." (ECF 18 at 1). Pandora's arguments against transfer are meritless. Pandora notes that "it is in the interest of efficiency for this Court to rule on Pandora's Motion to Compel" (ECF 17), but fails to explain how keeping this subpoena-related matter in the Southern District of New York where nonparty Word Collections has specifically requested a transfer, could be more efficient than adjudicating this issue in front of Magistrate Judge Rocconi, who is already familiar with not only this litigation, but with this nonparty and this subpoena. Adding another magistrate judge,

in a different district and circuit, no less, further burdens not only nonparty Word Collections, but the courts as a whole. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, Word Collections' motion to transfer is **GRANTED**. The Clerk of Court is respectfully directed to close ECF Nos. 1 and 16 and transfer this action, forthwith, to the United States District Court for the Central District of California.

**SO ORDERED.**

Dated: October 5, 2023
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge